# EXHIBIT

# B

Daniel E. Williams (ISB 3920)
THOMAS, WILLIAMS & PARK, LLP
225 N. 9th St., Ste. 800
P.O. Box 1776
Boise, ID 83701-1776
Telephone: (208) 345-7800
Fax: (208) 345-7894
danw@thomaswilliamslaw.com

Attorneys for Plaintiff

NO. _____
A.M. _____ FILED P.M. _____

FEB - 5 2016

CHRISTOPHER D. RICH, Clerk
By SANTIAGO BARRIOS
DEPUTY

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, COUNTY OF ADA

| | |
|---|---|
| SAMUEL DIAZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL INFORMATION SERVICES, INC., a foreign corporation,<br><br>Defendant. | Case No. CV OC 1602604<br><br>COMPLAINT WITH DEMAND FOR JURY TRIAL |

For his cause of action against Defendant, Plaintiff Samuel Diaz, by and through his attorneys of record, Thomas Williams & Park, LLP, complains and alleges:

### INTRODUCTION

This is a civil action based on violations of the Fair Credit Reporting Act ("FCRA") due to General Information Services, Inc ("GIS") reporting of inaccurate criminal history about Plaintiff. This inaccurate criminal background check was reported to Plaintiff's employer. The erroneous criminal conviction resulted in Plaintiff's employment termination.

COMPLAINT WITH DEMAND FOR JURY TRIAL, Page 1

## JURISDICTION, VENUE AND PARTIES

1. All jurisdictional requirements for filing in the District Court are satisfied.

2. This action arises under the FCRA, 15 U.S.C §1681, et seq. This Court has jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. §1681p.

3. Defendant's unlawful actions were committed within the State of Idaho, County of Ada and venue is proper pursuant to I.C. § 5-404.

4. Plaintiff resides in Canyon County, Idaho and is a "person" under the FCRA, 15 USC §1681a(b).

5. Defendant General Information Services, Inc., is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f) and a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," 15 U.S.C. §1681a(p). Although not registered with the Idaho Secretary of State, Defendant does business in the State of Idaho pursuant to I.C. § 5-514(a).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates paragraphs 1 through 5 above.

7. The staffing agency, Office Team, a Robert Half International, Inc. company, placed Plaintiff with NYK Lines to start a position October 16, 2014.

8. Defendant issued to Robert Half International, Inc. and NYK Lines a "consumer report," as defined by 15 U.S.C. §1681a(d)(1)(B), for "employment purposes," as defined by 15 U.S.C. §1681a(h). This consumer report included a criminal background check.

9. October 27, 2014, Office Team contacted Plaintiff, terminated his employment and told him not to return to work because his background check indicated he was convicted of a felony. Such action constitutes an "adverse action" as defined by 15 U.S.C. §1681a(k).

COMPLAINT WITH DEMAND FOR JURY TRIAL, Page 2

10. October 30, 2014, Defendant provided a copy of the criminal background check to Plaintiff. The criminal background check indicated that Samuel Anthony Diaz committed a felony and was convicted in December 2009.

11. The felony conviction was erroneously reported as being committed by Plaintiff. The individual whom committed the crime had a different name than Plaintiff, a middle name to which Plaintiff has none, a different date of birth and a different social security number.

12. Plaintiff contacted Office Team and informed them the criminal report was wrong. Plaintiff obtained supporting documentation. December 15, 2014, Plaintiff submitted to Office Team documentation demonstrating that the felony conviction was erroneous. However, Office Team still refused to find Plaintiff other employment.

13. Plaintiff submitted to Defendant a Dispute Process Request form with attachments clarifying that he was not Samuel Anthony Diaz convicted of the crime. Defendant did not respond.

14. Due to the criminal conviction reported wrongly, Plaintiff remained unemployed for three months. Once employed, he was paid less than his prior employment and does not have benefits.

15. August 5, 2015, Plaintiff's counsel sent Defendant a demand letter requesting removal of the erroneous criminal conviction.

16. August 28, 2015, Defendant responded and verified that the criminal background check erroneously reported Plaintiff as having a criminal conviction.

### FIRST CLAIM FOR RELIEF
### Violation of 15 USC §1681n

17. Plaintiff incorporates paragraphs 1 through 16 above.

COMPLAINT WITH DEMAND FOR JURY TRIAL, Page 3

18. GIS willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681, et seq, including but not limited to:

    18.1 Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b), by not verifying Plaintiff's name, date of birth and social security matched the individual with the criminal conviction;

    18.2 Failing to comply with the reinvestigation requirements of 15 U.S.C. §1681i(a)(1)(A) by not responding to Plaintiff's dispute initially filed;

    18.3 Failing to comply with the requirement of 15 U.S.C. §1681k(a) maintaining strict procedures to insure that when public record information, such as a criminal record, is likely to have an adverse effect on the individual's ability to obtain employment is reported such information is complete and up-to-date.

19. As a result of GIS's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including loss of employment, denial of job opportunities, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

20. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

21. Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

22. Plaintiff is entitled to attorney fees pursuant to 15 U.S.C. §1681n(a).

### SECOND CLAIM FOR RELIEF
### Violation of 15 U.S.C. §1681o

23. Plaintiff incorporates paragraphs 1 through 22 above.

COMPLAINT WITH DEMAND FOR JURY TRIAL, Page 4

24. GIS negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    24.1. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b), by not verifying Plaintiff's name, date of birth and social security matched the individual with the criminal conviction;

    24.2. Failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i by not responding to Plaintiff's initial dispute;

    24.3. Failing to comply with the requirement of 15 U.S.C. §1681k(a) by notifying the individual whose record is being reported or maintaining strict procedures to insure that when public record information, such as a criminal record, is likely to have an adverse effect on the individual's ability to obtain employment is reported such information is complete and up-to-date.

25. As a result of GIS's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including loss of employment, denial of job opportunities, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

26. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

27. Plaintiff is entitled to recover his attorney fees pursuant to 15 U.S.C. §1681o(a).

### THIRD CLAIM FOR RELIEF
### Defamation

28. Plaintiff incorporates paragraphs 1 through 27 above.

29. GIS acted with reckless disregard for the truth in publishing the background check with the criminal report falsely and wrongly accusing Plaintiff of having a criminal record by

COMPLAINT WITH DEMAND FOR JURY TRIAL, Page 5

committing the alleged crime. GIS failed to properly investigate the criminal report and acted recklessly by not identifying the different name, date of birth and social security number between Plaintiff and the individual with the criminal record.

30. Even after notification by Plaintiff that the background check was incorrect, GIS acted maliciously by not correcting the false criminal report in a timely manner and intentionally continuing to publish the false information about Plaintiff's criminal background.

31. GIS published the false criminal report to Robert Half International, Inc and NYK Lines causing NYK Lines to terminate Plaintiff's employment.

32. As a direct and proximate result of the publication of the false criminal report, Plaintiff's employment was terminated and he has not obtained employment since publication of the false criminal report.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendant:

   a. Actual damages in an amount to be determined;

   b. Plaintiff hereby provides notice that he intends, pursuant to I.C. § 6-1604(2), move the Court to allow him to amend this Prayer to include a prayer for relief to seeking punitive damages;

   c. Statutory damages as determined by the court;

   d. Attorney fees and costs pursuant to 15 U.S.C. § 1681n, as well as I.C. 12-121.

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendant:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs, pursuant to 15 U.S.C. § 1671o, as well as I.C. 12-121.

3. On Plaintiff's Third Claim for Relief for Defamation:

    a. Actual damages in an amount to be determined;

    b. Plaintiff hereby provides notice that he intends, pursuant to I.C. § 6-1604(2), move the Court to allow him to amend this Prayer to include a prayer for relief to seeking punitive damages;

    c. Attorney fees and costs pursuant to I.C. 12-121.

4. That Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues.

DATED this 5th day of February, 2016.

THOMAS, WILLIAMS & PARK, LLP

Daniel E. Williams
Attorneys for Plaintiff

COMPLAINT WITH DEMAND FOR JURY TRIAL, Page 7